United States District Court
Southern District of Texas
**ENTERED**
December 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KORY LANGLEY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-cv-1964 |
| § | |
| INDUSTRIAL SERVICE SOLUTIONS, § | |
| LLC and COLONIAL PIPELINE § | |
| COMPANY § | |
| § | |
| *Defendants*. § | |

### ORDER

Pending before the Court is Plaintiff Kory Langley's ("Plaintiff") Motion to Remand. (Doc. No. 6). Defendant Colonial Pipeline Company ("Colonial") filed a response in opposition. (Doc. No. 8). Having considered the briefings, evidence, and applicable law, the Court hereby DENIES Plaintiff's motion. (Doc. No. 6).

### I. Background

This case arose out of injuries sustained by Plaintiff while working at Defendant Colonial's facility in Port Arthur, Texas. Plaintiff alleges that he was seriously injured when he was struck by a plug that burst from a nearby pipe. (Doc. No. 6-2, Ex. 1, Plaintiff's Original Petition). After this injury, Plaintiff filed suit in the 270th Judicial District Court of Harris County, Texas against Colonial and co-defendant Industrial Service Solutions, LLC ("ISS"). Colonial subsequently removed the case to federal court on the basis of diversity jurisdiction. (Doc. No. 1). Colonial asserted that Plaintiff's joinder of ISS was improper Plaintiff now asks this Court to remand the case back to state court because Defendant ISS is a citizen of Texas, making Colonial's removal from Texas state court improper.

## II. Legal Standard

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Any doubts about the propriety of removal are to be resolved in favor of remand. *Acuna*, 200 F.3d at 339. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Under the forum-defendant rule, however, a case is not removable if one of the defendants is a citizen of the forum state. *Id.* § 1441(b) (permitting removal only if "none of the parties properly joined and served as defendants is a citizen of the State in which such action is brought.").

## III. Analysis

The central dispute between the parties is whether Plaintiff has improperly joined ISS a defendant to defeat proper removal. Plaintiff is a citizen of Louisiana. (Doc. No. 6-2, at 10). Colonial is a Delaware and/or a Virginia corporation with its principal place of business in Georgia. It is therefore a citizen of those three states. (*Id.* at 4). ISS is an LLC, and for the purposes of

2

diversity jurisdiction, an LLC is deemed to be the citizen of every state in which any of its members or owners are citizens. *United States Liability Insurance Company v. M Remodeling Corp.*, 444 F.Supp.3d 408 (E.D.N.Y. 2020). Plaintiff alleges that ISS is a citizen of Texas because its CEO, Wayne Stockstill, is a resident of Texas and because it maintains a "Corporate HQ" in Houston, Texas. (Doc. No. 6-1).

Plaintiff does not argue that remand is proper because the Court lacks diversity jurisdiction. As noted above, there is complete diversity among the parties because neither Colonial or ISS is a citizen of Louisiana and the amount in controversy exceeds $75,000. Instead, Plaintiff argues that remand is proper because of the home-state defendant rule; because ISS is a citizen of Texas, Plaintiff argues that removal was improper and that the case should be remanded.

In response, Colonial asserts that the forum-defendant rule is irrelevant because this is a "snap removal." Snap removals involve a situation where an out-of-state defendant removes and no in-state defendant has been served as of the time of removal. Here, Colonial argues that this is a snap removal because Colonial removed to federal court before ISS was served.

The Fifth Circuit recognizes the propriety of "snap removals." *Tex. Brine Co. LLC v. am. Arbitration Ass'n*, 955 F. 3d 482, 486 (5th Cir. 2020). The Circuit held that "a non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Id.* In recognizing snap removals, the Fifth Circuit reasoned that the forum-defendant rule is a procedural rule and not a jurisdictional one. Thus, as long as requirements for diversity jurisdiction are met, the federal court still has jurisdiction.

Plaintiff did not make any mention of snap-removals in his motion, nor did he file a reply to address Colonial's assertion that "this is a textbook example of a snap removal." (Doc. No. 8 at

9). Plaintiff does not deny that ISS was served two weeks after Colonial filed its notice of removal on May 26, 2023. *See* (Doc. No. 6 at 8) ("Service [on ISS] was effectuated on June 14, 2023."). Therefore, the non-forum defendant (Colonial) successfully removed before the forum defendant (ISS) was served. Given these undisputed facts, the Court agrees that this is a textbook snap removal. Under Fifth Circuit precedent, it is proper for the case to remain in federal court. The forum-defendant rule is irrelevant here and provides no basis to justify remand.

Since this Court is a proper forum notwithstanding the forum-defendant rule, the Court need not address the parties' arguments about whether ISS has been improperly joined. Plaintiff's motion for remand (Doc. No. 6) is hereby denied.

SIGNED at this 11 day of December 2023.

Andrew S. Hanen
United States District Judge